1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILL MOSES PALMER,

            Petitioner,

   v.

A. HEDGPETH, warden,

            Respondent.

_____/

No. C 09-2900 SI (pr)

**ORDER TO SHOW CAUSE ON THREE CLAIMS AND DISMISSING OTHER CLAIMS**

### INTRODUCTION

Will Moses Palmer, an inmate at the Kern Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court earlier required Palmer to file a signed copy of his petition. He then filed a signed first amended petition, which is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Palmer's motion for summary judgment and motion to require respondent to provide him with files also are before the court for review.

### BACKGROUND

The first amended petition provides the following information: In 2005, Palmer was convicted in Monterey County Superior Court of resisting an executive officer in the performance of his duties, see Cal. Penal Code § 69. Sentence enhancement allegations regarding prior convictions were found true. In February 2005, he was sentenced to 25 years to life, to be served consecutive to the 55 years to life sentence he is currently serving. Palmer appealed. His conviction was affirmed by the California Court of Appeal in 2006 and his

petition for review was denied by the California Supreme Court in 2007.  He also filed one or more unsuccessful habeas petitions in state court.  He then filed this action.

At the time of the offense for which he was convicted in 2005, he was in state prison serving a sentence of 55 years to life imposed by the Los Angeles County Superior Court in 1996 upon his conviction for five murders and two attempted robberies.

## DISCUSSION

A.    Review of First Amended Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The first amended petition alleges seven claims, several of which are cognizable and several of which will be dismissed summarily.  In Claim 1, Palmer contends that he was denied his right to effective assistance of counsel as a result of the trial court's incomplete Marsden hearing.  In Claim 4, Palmer alleges that the use of a jury instruction on the duty not to passively resist violated his Fourteenth Amendment rights.  In Claim 6, Palmer asserts that he was denied his right to counsel when the court refused Palmer's request to abandon his pro se status and have an attorney represent him for purposes of a motion for new trial and sentencing. Claims 1, 4, and 6 warrant a response.  For the reasons explained below, the other claims do not.

Claim 2: Palmer's Claim 2 has three arguments about the sentence he received. The first of three arguments in Claim 2 is that the sentence of 25-to-life is in excess of that allowed by California Penal Code § 69. Palmer urges that the middle term for the offense is county jail time because the offense carries a sentence possibility of a fine, county jail time, or a year in prison.

2

From this, he reasons that the 25-to-life sentence that he received under California's Three Strikes law is improper because a county jail sentence is automatically a misdemeanor under California Penal Code §17(b) and not subject to the Three Strikes law.  He misreads the statute. California Penal Code §17(b)(1) provides:   "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: (1) After a judgment imposing a punishment other than imprisonment in the state prison."  Cal. Penal Code §17(b)(1). That provision means that the punishment imposed, rather than the possible punishment, determines whether a wobbler becomes a misdemeanor or a felony.  Palmer was sentenced to an indeterminate term in prison, so the judgment was not for "a punishment other than imprisonment in the state prison."   The alleged inapplicability of the Three Strikes law to misdemeanors does not help him because his conviction was not for a misdemeanor.

The second part of Claim 2 is Palmer's argument that the maximum sentence for a conviction under California Penal Code § 69 is one year, rather than the two years the judge mentioned.  This is a moot point because Palmer did not receive either term, and instead received a sentence of 25-to-life as a recidivist under the Three Strikes law.  Palmer does not contend, nor does it appear, that the Three Strikes sentence would have been unavailable if the maximum sentence under California Penal Code §69 was one year instead of two years.

The third part of Claim 2 is an argument that the 25-to-life sentence violated the rule in Cunningham v. California, 549 U.S. 270 (2007).  Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny (including the Cunningham case cited by Palmer), extended a defendant's right to trial by jury to the fact-finding used to make enhanced sentencing determinations as well as the actual elements of the crime.  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 488-90 (2000).  A sentence enhancement based on a prior conviction represents a narrow exception to the constitutional right to a jury determination of sentencing factors.  See Almendarez-Torres v.

United States, 523 U.S. 224, 244 (1998); Apprendi, 530 U.S. at 490.  Palmer's first amended petition discloses that his sentence was based on his prior convictions (for five murders and two attempted robberies).  He did not have a right to a jury trial on the existence of prior convictions that were used to give him the Three Strikes sentence.   The Cunningham claim is patently meritless.  Claim 2 is dismissed.

Claim 3:  Palmer contends that the trial court improperly refused to rule on his motion to have the prior convictions dismissed.  Palmer states that, after the jury found true the allegation that he had suffered prior convictions, he moved to dismiss the prior convictions as obtained in violation of some unstated provision of the U.S. Constitution.  The trial court obtained the transcripts of the earlier trial, but then declined to rule on the motion – refusing to decide whether the prior convictions were obtained in violation of the constitution because the court did not think it had jurisdiction to do so.  Palmer asserts here that the trial court's decision not to decide "was contrary to the rare exception rule set out in Daniels v. United States, [532 U.S. 374 (2001)], and Lackawanna County Dist. Atty. v. Coss, [532 U.S. 394 (2001)]."  First Amended Petition, p. 11.  This claim mixes up different legal concepts to come up with a novel, but incorrect, theory.

The habeas statute, 28 U.S.C. § 2254, does require a petitioner to show that a state court's decision is contrary to or an unreasonable application of clearly established Supreme Court precedent to obtain relief.  And Coss does mention a rare "exception" to a ban on habeas relief with regard to prior convictions.  But those two concepts don't go together.

Coss pertains to the authority of a federal habeas court to entertain a challenge to a conviction for which the petitioner is no longer in custody.  Specifically, the Court addressed the question "whether §2254 provides a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired."  Coss, 532 U.S. at 401.  The Court announced this rule: "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the

conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Coss, 532 U.S. at 403-04 (citation omitted).[1]  The only exception to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963).  See Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382 (§2255 motions).   Simply put, neither Coss nor Daniels had anything to do with state court review of state court convictions.

In Palmer's case, the state court's decision that it lacked jurisdiction to dismiss a prior conviction – whether for sentencing purposes in the 2005 case or for all purposes – in no way implicates the principles covered in Coss or Daniels.  Even if the principles in those cases had any applicability to state courts, they wouldn't apply to Palmer's case because (a) the sentence has not expired on his 1996 conviction and (b) he plainly does not come within the rare exception for cases in which there was a failure to appoint counsel.[2]  In short, Claim 3 does not state a claim upon which federal habeas relief may be granted because Coss and Daniels do not provide any right applicable in state court.  Claim 3 is dismissed.

Claim 5:  Palmer contends that he was denied his right to a jury determination of his prior convictions when the trial court refused the jury's request for information about jury nullification powers.  Although jurors have the power to engage in nullification, they do not have a legal right

---

[1]Daniels announced the same rule for federal prisoners challenging expired convictions in § 2255 motions.

[2]That Palmer was represented by counsel when he suffered his prior conviction is easily ascertainable from his other federal petitions in which he asserted ineffective assistance of trial counsel claims in other federal habeas actions in which he challenged his murder and attempted robbery convictions.  See Palmer v. Harrington, C. D. Cal. Case No. 10-CV-2497 JFW-JC, petition, p. 4 (petition challenging 1996 conviction asserts that counsel was ineffective for failing to present evidence obtained during pretrial investigation); docket # 77, p. 5, in Palmer v. Lamarque, C. D. Cal. No. 00-CV-6982-JFW-JC (magistrate judge's report and recommendation mentioning Palmer's claim that trial counsel was ineffective in not requesting a particular limiting instruction).  The court can and does take judicial notice of the existence of the contents of other federal court files.  See Fed. R. Evid. 201.

5

1   to do so. <u>Merced v. McGrath</u>, 426 F.3d 1076, 1079 (9th Cir. 2005). Indeed, nullification is

2   contrary to the duty of jurors to take the law from the court and apply that law to the facts as they

3   find them to be. <u>Id.</u> The courts do not have a duty to ensure the free exercise of this power. <u>Id.</u>

4   Although courts have no means to undo nullification after the verdict of acquittal has been made,

5   they "'have the duty to forestall or prevent such conduct.'" <u>Id.</u> at 1080 (quoting <u>United States v.</u>

6   <u>Thomas</u>, 116 F.3d 606, 616 (9th Cir. 1997)). Palmer had no constitutional right to have the

7   jurors instructed on a power that they had no right to exercise. The fact that he may have urged

8   the jurors to exercise their power of nullification did not require an instruction on it because a

9   defendant is entitled to an instruction on his defense theory only if there is evidence in support

10  of it <u>and</u> "if the theory is legally cognizable." <u>United States v. Boulware</u>, 558 F.3d 971, 974 (9th

11  Cir. 2009) (internal quotations omitted). Palmer also argues that the failure to instruct deprived

12  him of his right to a jury determination on the issue of the prior convictions; however, as

13  discussed in regard to Claim 2, he had no federally-protected right to a jury determination of the

14  existence of prior convictions. Claim 5 is dismissed.

15      <u>Claim 7:</u> Palmer asserts that state law does not allow the consecutive sentence to be

16  imposed or commenced until the California Department of Corrections & Rehabilitation elects

17  to release him from prison at the end of his current 55-to-life sentence. He contends that the

18  imposition of the consecutive 25-to-life sentence violated his right to due process and to be free

19  from cruel and unusual punishment. The court has considered the statutes cited by Palmer and

20  finds no support for his remarkable assertion that the sentence may not be pronounced until he

21  is released from prison on the 55-to-life sentence. (Common sense also works against Palmer:

22  his interpretation would mean that any defendant already serving a prison term for other another

23  conviction could not be sentenced, would not have a final judgment, and therefore could not

24  appeal until perhaps years or decades after a trial on the new crime. In his case, it would mean

25  the sentence couldn't be pronounced until perhaps forty years from now.) More importantly,

26  his allegations do not come close to suggesting a violation of the Eighth or Fourteenth

27  Amendment provisions. Federal courts must defer to the state courts' interpretation of state

28

sentencing laws.  See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  Even if his interpretation of state sentencing laws is correct, Palmer's first amended petition does not show how the state court's pronouncement at this time of a 25-to-life sentence that will not start until he finishes the earlier-imposed 55-to-life sentence violates due process or the right to be free of cruel and unusual punishment.  Claim 7 is dismissed.

B.    Palmer's Motion For Summary Judgment

Palmer has moved for summary judgment in his favor on Claim 3.  As explained in the preceding section, Claim 3 is dismissed because it does not state a claim upon which Palmer may obtain habeas relief.  Since the claim cannot be entertained in a habeas petition challenging the 2005 conviction, it follows that Palmer is not entitled to summary judgment in his favor on that claim.  Accordingly, the motion for summary judgment is DENIED.   (Docket # 6.)  Any challenge to the 1996 conviction in Los Angeles County Superior Court must be made in the proper venue (i.e., in the U.S. District Court for the Central District of California), and must comply with the various procedural requirements of which Palmer has been informed by that court, such as the requirement that he obtain permission from the Ninth Circuit to file a second or successive petition.[3]

C.    Palmer's Motion To Compel Respondent To Provide Records To Him

Palmer has moved for an order compelling respondent to provide him a copy of the transcripts from his 2005 trial in Monterey County Superior Court and his 1996 trial in Los Angeles County Superior Court.   The motion is GRANTED in part and DENIED in part.  (Docket # 7.)  The court will direct respondent to send Palmer only a copy of his 2005 trial transcripts.  The transcripts from the 1996 trial in Los Angeles County Superior Court are not relevant to any issue remaining for adjudication in this action. To the extent Palmer wants those

---

[3]The report and recommendation filed April 26, 2010 in Palmer v. Harrington, C. D. Cal. No. CV-10-2497 JFW (JC), described Palmer's repeated attempts in the Central District and the Ninth Circuit to challenge the 1996 conviction.

documents, he can pursue an administrative grievance or file an action in state court in the proper venue (i.e., Kern County) for the lost property.

**CONCLUSION**

For the foregoing reasons,

1.     The first amended petition states three cognizable claims (i.e., Claims 1, 4, and 6) for habeas relief and warrants a response.  Claims 2, 3, 5, and 7 are dismissed.  The dismissal of these claims is without leave to amend because the problems in the claims are fundamental legal defects that are not susceptible to cure by further pleading.

2.     The clerk shall serve by certified mail a copy of this order, the first amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.     Respondent must file and serve upon petitioner, on or before **September 17, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 29, 2010**.

5.     Petitioner is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6.     Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7.     Petitioner's motion for summary judgment is DENIED. (Docket # 6.)

8.     Petitioner's motion for a copy of transcripts is GRANTED in part and DENIED in part.  (Docket # 7.)  Respondent must mail to petitioner a copy of the transcripts from

1  petitioner's 2005 criminal trial in Monterey County Superior Court no later than **September 17,**

2  **2010**.

3       IT IS SO ORDERED.

4  DATED: July 8, 2010

                                        SUSAN ILLSTON
                               United States District Judge