UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER | No. C 09-2900 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| A. HEDGPETH, warden, | |
| Respondent. | |

## INTRODUCTION

Will Moses Palmer, a pro se prisoner, filed a petition for writ of habeas corpus to challenge his 2005 conviction in Monterey County Superior Court. Respondent has moved to dismiss the petition as untimely, and Palmer has opposed the motion. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Following a jury trial in Monterey County Superior Court, Palmer was convicted of resisting an officer by threat or violence and was found to have suffered seven prior convictions. In March 2005, Palmer was sentenced to an indeterminate prison term of 25 years to life in prison. He appealed. The California Court of Appeal affirmed the judgment of conviction on November 2, 2006. The California Supreme Court denied Palmer's petition for review on January 17, 2007.

Palmer filed many petitions for writ of habeas corpus in state court.

Palmer's first state habeas petition ("state petition # 1") was mailed on January 28, 2008

and stamped "filed" at the California Court of Appeal on February 11, 2008. That petition was denied on February 28, 2008.

Palmer's second state habeas petition ("state petition # 2") was mailed on March 5, 2008 and stamped "filed" at the Monterey County Superior Court on March 10, 2008. That petition was denied on May 9, 2008.

Palmer's third state habeas petition ("state petition # 3") was filed on May 23, 2008 in the California Court of Appeal. There is no evidence that it should be deemed filed as of an earlier date: the petition is unsigned and undated, and the proof of service shows only that the document was mailed to entities other than the California Court of Appeal. The petition was denied on October 21, 2008.

While state petition # 3 was pending, Palmer's fourth state habeas petition ("state petition # 4") was filed and denied. State petition # 4 has a proof of service showing it was mailed on June 11, 2008 to the Monterey County Superior Court. The petition was stamped "filed" in Monterey County Superior Court on August 6, 2008 and was denied on October 2, 2008.

Palmer's fifth state habeas petition ("state petition # 5") was submitted to the California Supreme Court on November 24, 2008 and was returned to Palmer unfiled because it did not have an original signature. Palmer sent the petition back with a signature dated December 4, 2008. The petition was stamped "filed" at the California Supreme Court on December 10, 2008. State petition # 5 was denied on June 10, 2009, with citations to several cases, including In re Clark, 5 Cal. 4th 750 (1993), and In re Robbins, 18 Cal. 4th 770, 780 (1998). Resp. Ex. R.

Palmer then filed his federal petition for writ of habeas corpus. The federal petition has a June 23, 2009 postmark and was stamped "filed" on June 29, 2009.

As a prisoner proceeding pro se, Palmer receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The mailbox rule applies to the filing of the federal petition as well as the state petitions for purposes of calculating compliance with the AEDPA. See id.; Saffold v. Newland, 250 F.3d 1262, 1268

2

(9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on April 17, 2007, ninety days after the California Supreme Court had denied Palmer's petition for review on January 17, 2007. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Palmer to file his federal petition was April 17, 2008. He missed that deadline by more than fourteen months, so unless he qualifies for a lot of tolling, the petition is untimely. Palmer does not assert that there is any reason to equitably toll the limitations period, so he must rely on statutory tolling to make his federal petition timely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 197-98 (2006); Carey v. Saffold, 536 U.S. 214, 219-20

3

(2002).

Palmer does not receive enough statutory tolling to make his federal petition timely. By the time he filed state petition # 1, 286 days of his limitations period had passed. He receives no tolling of the 6-day gap between the denial of state petition # 1 and the filing of state petition # 2, because the latter was filed at a lower level court. Palmer does receive statutory tolling for the 14-day gap between the denial of state petition # 2 and the filing of state petition # 3.[1] He also receives tolling for the time during which first four state habeas petition were awaiting decision in the state courts. The real problem for Palmer concerns state petition # 5.

State petition # 5 was denied by the California Supreme Court with citations to cases – i.e., In re Clark and In re Robbins – that are the California Supreme Court's shorthand to signal that a petition has been rejected as untimely. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (citing Carey v. Saffold, 536 U.S. at 226). As in Pace, "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." Id. at 413; see also Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) (no statutory tolling for petition rejected as untimely by California Supreme Court because petition was not "properly filed;" fact that California's timeliness rule frequently requires consideration of diligence does not matter); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to Robbins at page opinion discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). With the denial of state petition # 5 as untimely, the limitations period clock kept ticking. Palmer is not entitled to tolling for the 188 days during which state petition # 5 was awaiting decision at the California Supreme Court, or for the 44-day gap between the denial of state petition # 3 and the filing of state petition # 5.

---

[1] State petition # 4 generally is irrelevant to the calculations because it overlapped state petition # 3, i.e., it was filed and denied during the time state petition # 3 was pending.

4

Palmer argues that this court should look through the California Supreme Court's denial of his petition for procedural reasons to see that the lower state courts denied his petition on the merits. His argument is unpersuasive. Although the federal habeas court will look through an unexplained rejection of a state habeas petition to the last reasoned decision of a state court, see Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991), the rejection of state petition # 5 was not an unexplained decision: the court rejected the petition as untimely.

Palmer's statutory tolling ended on October 21, 2008, with the denial of state petition # 3. By that point in time, 292 days (i.e., 286 days before state petition # 1 plus 6 days between state petition # 1 and state petition # 2) of the one-year limitations period had already passed. He did not file his federal petition for another 232 days, at which point 524 days of untolled time had already passed. His federal petition, filed on June 23, 2008, was filed 159 days (or more than five months) after the limitations period had expired. The petition must be dismissed because it was not filed before the expiration of the habeas statute of limitations period.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 17.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).

The clerk will close the file.

IT IS SO ORDERED.

DATED: May 25, 2011

_____
SUSAN ILLSTON
United States District Judge

5