UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER | No. C 09-2900 SI (pr) |
| Petitioner, | **ORDER DENYING RULE 60 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| A. HEDGPETH, warden, | |
| Respondent. | |

The court dismissed this action for writ of habeas corpus on May 25, 2011 because it was barred by the statute of limitations. Docket # 24. The court denied a motion for reconsideration of the order of dismissal on July 1, 2011. Docket # 33. Petitioner appealed. The Ninth Circuit denied a certificate of appealability in August 2012. *See* Docket # 34.

This action is now before the court for consideration of petitioner's Rule 60(b) motion for relief from the judgment. Petitioner argues that the "new" circuit decision of *Townsend v. Knowles*, 562 F.3d 1200 (9th Cir. 2009), *abrogated on other grounds by Walker v. Martin*, 131 S. Ct. 1120 (2011), should be applied to his case because, like the *Townsend* petitioner, he "was operating under the old circuit law of *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999)." Docket # 35 at 1-2. The rule from *Townsend* is that a diligent petitioner should receive equitable tolling for good faith reliance on then-binding Ninth Circuit precedent that was later overruled by the Supreme Court. *See Townsend*, 562 F.3d 1205-06.

Federal Rule of Civil Procedure 60(b) permits a party to move for relief from a judgment. The motion must be made within a "reasonable time." *See* Fed. R. Civ. P. 60(c). Rule 60(b) lists six grounds upon which relief from a judgment may be sought. None of the first five grounds

fit petitioner's situation, so he apparently is seeking relief under Rule 60(b)(6), a "catchall provision" that allows relief for "any other reason that justifies relief" and applies only when the reason for granting relief from a judgment is not covered by any of the other reasons specified in Rule 60(b). *See Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013). The movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* (citation omitted). A change in the law may support relief under Rule 60(b)(6) in a habeas action, and whether it does is decided on a case-by-case basis. *See Phelps v. Alameida*, 569 F.3d 1120, 1132-33 (9th Cir. 2009).

Petitioner is not entitled to relief from the judgment under Rule 60(b)(6) for several reasons. First, there has not been a change in the law since entry of the judgment. The rule on which he relies had been articulated in at least two Ninth Circuit cases before this action was filed. *See Townsend*, 562 F.3d at 1205-06; *Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir. 2008) ("Equitable principles dictate that we toll AEDPA's statute of limitations in the rare case where a petitioner relies on our legally erroneous holding in determining when to file a federal habeas petition.") Petitioner could have argued in opposition to the motion to dismiss that *Townsend* applied to his case. Second, the Rule 60(b) motion made in reliance on a 2009 decision was not filed within a "reasonable time." Fed. R. Civ. P. 60(c). Third, petitioner does not fit within the rule discussed in *Townsend*, because that rule has not been extended to permit equitable tolling based on reliance on law that was not good law at the time the petitioner purportedly relied on it. *Cf. Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012 (9th Cir. 2009) (petitioner cannot claim good faith reliance on circuit precedent when that precedent did not exist at the time of petitioner's alleged reliance). Petitioner's contention that he was "operating under the old circuit law of *Nino*" does not support equitable tolling because any such reliance would have been unreasonable: *Nino* had been implicitly overruled by *Carey v. Saffold*, 536 U.S. 214 (2002), three years before petitioner was convicted and seven years before he filed this action. *Cf. Nedds v. Calderon*, 678 F.3d 777, 782 (9th Cir. 2012) (finding that petitioner was

2

entitled to equitable tolling where he filed his federal habeas petition very shortly before the deadline as calculated in *Nino*, and almost nine months before *Nino* was implicitly overturned by the Supreme Court in *Carey v. Saffold*, 536 U.S. at 225). Fourth, if the *Townsend* rule did apply, it would provide relief only for a petitioner who acts *diligently* to file his federal petition when the precedent on which he allegedly relied was overturned. Petitioner cannot make this showing because *Nino* had been overturned so many years before he filed his federal petition. *Cf. Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011) (no equitable tolling where petitioner makes no showing of actual reliance on prior precedent and waited an additional 141 days after that precedent was overruled to file his federal petition). Finally, in addition to the unconvincing legal argument of reliance on a long-overruled case, the factual presentation in the Rule 60(b) motion is utterly inadequate in that there are blank lines instead of actual dates throughout the motion. The motion for relief from the judgment is DENIED. (Docket # 35.)

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]" in the order of dismissal or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: June 17, 2014

SUSAN ILLSTON
United States District Judge

3